■ SOLOMON KAPLAN et al., Appellants, v HEINZ J. LIPPMAN et al., Respondents. (Action No. 1.) HEINZ J. LIPPMAN et al., Respondents, v SOLOMON KAPLAN et al., Appellants. (Action No. 2.)—Order of the Supreme Court, New York County (Irma Santaella, J.), entered on September 29, 1988, which, *inter alia,* granted defendants-respondents' motion for summary judgment dismissing the complaint, and denied plaintiffs-appellants' cross motion for summary judgment, unanimously reversed, on the law, plaintiffs-appellants' cross motion for summary judgment is granted, awarding plaintiffs-appellants specific performance of the purchase option contained in the lease agreement, and dismissing the summary holdover proceedings with prejudice, and defendants' motion is denied, with costs.

In 1976, defendants-respondents, Dr. Heinz J. Lippman and Gertrude Wengraf, executed a sublease delivering possession of their cooperative apartment at 94th St. and Park Avenue to plaintiffs-appellants, a group of physicians practicing as a professional corporation. The sublease provided for an initial term of five years and an option to renew for an additional five-year period which was duly exercised. Paragraph 18 of the sublease granted the sublessees an option to purchase the shares allocated to the cooperative apartment for $30,000. Such option was to be exercised by "written notice delivered to the Lessors not later than six (6) months prior to the termination of the option term hereunder."

By letter dated April 9, 1986, appellants' attorney informed respondent Lippman of appellants' intent to exercise the purchase option. Respondent chose not to respond to this letter. Previously, appellants' attorney had written four letters to Henry Sternberg, Esq., who represented respondents in connection with the execution of the sublease. Each of those letters informed Mr. Sternberg of appellants' exercise of the purchase option. None of the above letters was favored with a response.

When respondents refused to schedule a closing for the transfer of the cooperative shares pursuant to the option contained in the sublease, appellants commenced this action seeking specific performance in Supreme Court. Respondents then commenced a summary proceeding in Civil Court seeking possession of the apartment. That action was later consolidated with the Supreme Court action.

The motion court, in granting respondents' motion for summary judgment of dismissal and denying appellants' cross motion for summary judgment, held that the notice of exercise of the option by four letters to an attorney who had previously represented respondents was insufficient and that the written notice to respondent Lippman was also insufficient because it did not also notify respondent Wengraf, though the record establishes that she did have knowledge of the exercise of the option.

We hold that under the circumstances of this case the written notice of exercise of the purchase option, given by appellants' attorney both to an attorney who had represented respondents in connection with the sublease and directly to respondent Lippman was sufficient as a matter of law. The arguments advanced by respondents and adopted by the motion court, in what can only be described as a disingenuous attempt to avoid an improvident agreement, are at best frivolous and require no further discussion. Concur—Murphy, P. J., Ross, Carro, Rosenberger and Smith, JJ.